**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC CITIZEN, INC.,
      Plaintiff

    v.

UNITED STATES DEPARTMENT OF
EDUCATION,
      Defendant.

Civil Action No. 18-1047 (CKK)

**Memorandum Opinion**
(May 22, 2019)

This lawsuit arises from a Freedom of Information Act ("FOIA") request that Plaintiff

Public Citizen, Inc. made to Defendant United States Department of Education ("DOE").

Plaintiff requested documents related to an October 2, 2107 event held by the DOE. Initially, the

DOE did not respond to Plaintiff's FOIA request; but, following the initiation of this lawsuit,

Defendant produced a total of 447 pages of records. The parties negotiated over redactions in and

withholdings from those productions, leading to the release of additional documents and the

removal of certain redactions. Redactions in 13 pages of documents remain at issue.

Defendant contends that these redactions are appropriate under FOIA Exemption 5 which

protects "inter-agency or intra-agency memorandums or letters that would not be available by

law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Plaintiff

contends this Exemption does not apply and that the information is being wrongly withheld.

Currently before the Court are Defendant's Motion for Summary Judgment and

Plaintiff's Cross-Motion for Summary Judgment. Upon consideration of the pleadings,[1] the

---

[1] The Court's consideration has focused on the unredacted records which the Court viewed in
camera and on the following documents:
- Def.'s Mot. for Summary Judgment, ECF No. [16] ("Def.'s Mot.");

relevant legal authorities, and the record as it currently stands, the Court GRANTS Defendant's

Motion for Summary Judgment and DENIES Plaintiff's Cross-Motion for Summary Judgment.

The Court concludes that the redactions are exempt from FOIA based on the attorney client

privilege and deliberative process privilege grounds of FOIA Exemption 5.

## I.     BACKGROUND

On October 2, 2017, Defendant DOE hosted an event, referred to as "Cutting the Red

Tape," with various stakeholders in the education field. Pl.'s Statement of Additional Material

Facts, ECF No. 18, ¶ 1. The following day, Plaintiff submitted a FOIA request to Defendant

requesting the following:

> 1.  All communications between any employee of the immediate Office of the
> Secretary, Office of Communications & Outreach, or Office of Planning,
> Evaluation & Policy Development, and any non-Department of Education (ED)
> entity or individual concerning "breakout sessions," "break-out sessions" or
> "roundtables" scheduled for October 2, 2017, relating to the regulatory agenda,
> regulatory reform, deregulation, rulemaking, and/or the regulatory process.
>
> 2.  Any ED policies, procedures, or guidance regarding which individuals or
> organizations would be invited to the October 2, 2017 break-out sessions.
>
> 3.  Any policies, procedures, or guidance received from the White House, Office of
> Management and Budget, and/or other non-ED individual or entity regarding
> which individuals or organizations should be invited to the October 2, 2017
> break-out sessions.

---

- Pl.'s Cross Mot. for Summary Judgment, ECF No. [18] ("Pl.'s Mot.");
- Def.'s Reply in Support of its Mot. for Summary Judgment and Opp'n to Pl.'s Cross-Mot. for Summary Judgment, ECF No. [21] ("Def.'s Reply");
- Pl.'s Reply Memorandum in Further Support of Pl.'s Cross Mot. for Summary Judgment, ECF No. [23] ("Pl.'s Reply"); and
- Def.'s Addendum in Support of its Mot. for Summary Judgment ("Def.'s Addendum") (filed ex parte and under seal).

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

Def.'s Statement of Material Facts, ECF No. 16, ¶ 1. Despite Plaintiff's FOIA request, Defendant failed to provide Plaintiff with an estimated response date. Pl.'s Statement of Additional Material Facts, ECF No. 18, ¶ 16. On May 3, 2018, Plaintiff filed this lawsuit, requesting that the Court order Defendant to release the records responsive to Plaintiff's FOIA request. *See generally* Compl., ECF No. 1.

Following the initiation of this lawsuit, Defendant has made a number of productions to Plaintiff. Pl.'s Statement of Additional Material Facts, ECF No. 18, ¶ 17. On July 6, 2018, Defendant produced 19 pages of responsive documents, and on August 6, 2018, Defendant produced an additional 428 responsive pages. *Id.* Between August and December 2018, the parties negotiated in an attempt to resolve disputes over withholdings and redactions. *Id.* at ¶ 18. These negotiations led to the production of additional pages of records and to the removal of certain redactions. *Id.* Plaintiff continues to challenge redactions and withholdings with respect to only 13 pages of records.

On December 14, 2018, Defendant moved for summary judgment as to these challenged redactions. *See generally* Def.'s Mot., ECF No. 16. And, one month later, Plaintiff also moved for summary judgment on the challenged redactions. *See generally* Pl.'s Mot., ECF No. 18. After reviewing the parties' motions, on April 1, 2019, the Court requested that Defendant present unredacted copies of the contested records to the Court for in camera review. *See* April 1, 2019 Minute Order. And, after reviewing the withheld information in camera, on April 12, 2019, the Court ordered Defendant to explain its reasons for making redactions on two of the documents, OS 314 and OCO 8. *See* April 12, 2019 Minute Order. The parties' Motions for Summary Judgment are currently before the Court.

## II.    LEGAL STANDARD

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *FBI v. Abramson*, 456 U.S. 615, 621 (1982). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 562 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the Act." *Rose*, 425 U.S. at 361. For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner*, 562 U.S. at 565 (citations omitted).

When presented with a motion for summary judgment in this context, the district court must conduct a "de novo" review of the record, which requires the court to "ascertain whether the agency has sustained its burden of demonstrating the documents requested are ... exempt from disclosure under the FOIA." *Multi Ag Media LLC v. U.S. Dep't of Agriculture*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted). The burden is on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B). "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag Media*, 515 F.3d at 1227 (citation omitted). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad

faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted). "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011). Summary judgment is proper when the pleadings, the discovery materials on file, and any affidavits or declarations "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.   DISCUSSION

Plaintiff does not challenge the adequacy of Defendant's search for responsive records to Plaintiff's FOIA request. As such, the sole issue before the Court is whether the redactions on 13 of the pages produced to Plaintiff fall under FOIA Exemption 5.[2] The Court has reviewed the documents in camera. Considering the arguments of the parties, as well as the Court's own review of the documents, the Court concludes that the redacted material falls under FOIA Exemption 5 and was rightfully withheld.

FOIA Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Over the years, it has been construed as protecting "those documents, and only those documents, normally privileged in the civil discovery context." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). It provides protection to "materials

---

[2] Defendant also redacted email addresses on at least three pages of documents pursuant to FOIA Exemption 6 which allows government agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). However, Plaintiff does not challenge Defendant's redactions pursuant to FOIA Exemption 6. Pl.'s Mot., ECF No. 18, 1 n.1.

which would be protected under the attorney-client privilege, the attorney work-product privilege, or the executive 'deliberative process' privilege." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980) (internal citations omitted). In this case, Defendant relies on two recognized privileges: the attorney-client privilege and the deliberative process privilege.

Under the federal common law, the proponent bears the burden of demonstrating the applicability of any asserted privilege. *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n WD Energy Servs., Inc.*, 439 F.3d 740, 750 (D.C. Cir. 2006). To meet that burden, the proponent must establish the claimed privilege with "reasonable certainty*." Fed. Trade Comm'n v. TRW, Inc.*, 628 F.2d 207, 213 (D.C. Cir. 1980). Specifically, the proponent must adduce competent evidence in support of "each of the essential elements necessary to sustain a claim of privilege." *Alexander v. FBI*, 192 F.R.D. 42, 45 (D.D.C. 2000). The proponent "must offer more than just conclusory statements, generalized assertions, and unsworn averments of its counsel." *In re Application of Veiga*, 746 F. Supp. 2d 27, 34 (D.D.C. 2010). Where the proponent fails to adduce sufficient facts to permit the district court to conclude with reasonable certainty that the privilege applies, its burden has not been met. *TRW*, 628 F.2d at 213.

As to Defendant's Exemption 5 redactions under the attorney client privilege, "[t]he attorney-client privilege protects confidential communications from clients to their attorneys made for the purpose of securing legal advice or services," as well as "communications from attorneys to their clients if the communications rest on confidential information obtained from the client." *Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997) (internal quotation marks omitted). In order to demonstrate the applicability of the privilege, the proponent must establish each of the following essential elements: (1) the holder of the privilege is, or sought to be, a

client; (2) the person to whom the communication is made is a member of the bar or his subordinate and, in connection with the communication at issue, is acting in his or her capacity as a lawyer; (3) the communication relates to a fact of which the attorney was informed by his client, outside the presence of strangers, for the purpose of securing legal advice; and (4) the privilege has been claimed and not waived by the client. *In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984). A "fundamental prerequisite to the assertion of the privilege" is "confidentiality both at the time of the communication and maintained since." *Coastal States*, 617 F.2d at 863; *accord Fed. Trade Comm'n v. GlaxoSmithKline*, 294 F.3d 141, 146 (D.C. Cir. 2002).

"In the governmental context, the 'client' may be the agency and the attorney may be the agency lawyer." *Tax Analysts*, 117 F.3d at 618; *accord Coastal States*, 617 F.2d at 863 (explaining that attorney-client privilege applies when "the Government is dealing with its attorneys as would any private party seeking advice to protect personal interests, and needs the same assurance of confidentiality so it will not be deterred from full and frank communications with its counselors"). It is well-established, however, that not every communication between an attorney and a client—government or otherwise—is made for the purpose of securing legal advice or services. As this Circuit has explained, "consultation with one admitted to the bar but not in that other person's role as a lawyer is not protected." *In re Lindsey*, 148 F.3d 1100, 1106 (D.C. Cir. 1998) (per curiam) (internal quotation marks omitted). Hence, a government attorney's "advice on political, strategic, or policy issues, valuable as it may [be], would not be shielded from disclosure by the attorney-client privilege." *Id.*

As to Defendant's Exemption 5 redactions under the deliberative process privilege, the exemption protects not only communications that are deliberative in nature, but all

communications which, if revealed, would expose to public view the deliberative process of an agency. *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982). This privilege is intended to protect the decision-making "'processes of the executive branch in order to safeguard the quality and integrity of governmental decisions.'" *A. Michael's Piano, Inc. v. FTC*, 18 F.3d 138, 147 (2d Cir. 1994) (quoting *Hopkins v. Dep't of House & Urban Dev.*, 929 F.2d 81, 84 (2d Cir.1991)). Discussions among agency personnel about the relative merits of various positions which may be adopted are just as a much a part of the deliberative process as the actual recommendations and advice which are agreed upon. *See Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 257 (D.C. Cir. 1977). Congress created this exception in the FOIA because it believed that forcing agencies to "operate in a fishbowl" would undermine the quality of administrative decision-making by preventing the full and frank exchange of ideas on legal and policy matters. *Mead Data*, 566 F.2d at 256 (citing to S. Rep. No. 813, 89th Cong., 1st Sess. 9, and H.R .Rep. No. 1497, 89th Cong., 2d Sess. 10 (1966)). Consistent with congressional intent on the subject, this Circuit has construed Exemption 5 "as narrowly as consistent with efficient Government operation." *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc) (citing *Mead Data*, 566 F.2d at 256).

For the deliberative process privilege to apply under Exemption 5, this Court must determine the material to be both pre-decisional and deliberative. *Wolfe*, 839 F.2d at 774. "A document is predecisional if it was prepared in order to assist an agency decision maker in arriving at his decision, rather than to support a decision already made." *Petroleum Info. Corp. v. Dep't of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (citing *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975)). At its most basic, the courts have held that a document is deliberative in nature if "it reflects the give-and-take of the consultative

process." *Coastal States*, 617 F.2d at 866. Because Exemption 5's goal is to "prevent injury to the quality of agency decisions," the deliberative process privilege can apply only to deliberative processes the results of which are or will be agency policy. *See Petroleum Info. Corp.*, 976 F.2d at 1434. Documents containing advisory opinions and recommendations, or reflecting deliberations comprising the process by which government policy is formulated are protected. *Mead Data*, 566 F.2d at 256. Exemption 5 protection does not extend to documents that do not "discuss the wisdom or merits of a particular agency policy, or recommend new agency policy." *Coastal States*, 617 F .2d at 869.

The Court will examine each of the documents containing disputed withholdings in turn. The Court will explain why each redaction was proper under either the attorney client privilege or the deliberative process privilege pursuant to FOIA Exemption 5.

### A.  Documents OS 8-10

Defendants have redacted portions of an internal email chain on documents OS 8-10. In support of the redactions, Defendants invoke both the attorney client privilege and the deliberative process privilege as the email chain contains "deliberations and attorney/client consultations regarding potential lists of external invitees to a Departmental event." *Vaughn* Index, ECF No. 16-1. The Court finds that these redactions are proper.

The redacted portion of the first line of the email relates to ongoing deliberations regarding still-pending decisions on who should be invited to Defendant's October 2, 2017 event. *See* Supplemental Dec. of Jill Siegelbaum, ECF No. 21-2, ¶ 3. Reviewing the redacted information, it is clear to the Court that this portion of the email is both pre-decisional and deliberative as no decision had yet been made and the email reflects the give-and-take of the

consultative process. Accordingly, the redaction is proper under the deliberative process privilege grounds of FOIA Exemption 5.

In addition to withholding the first line of the email, Defendants also redacted the subject line of the email and another portion of the email chain. As to the subject line of the email, Plaintiff argues that "[c]ourts have consistently held that the general subject matters of clients' representations are not privileged." *U.S. v. Legal Servs. for N.Y.C.*, 249 F.3d 1077, 1081 (D.C. Cir. 2001); *see also Cause of Action Inst. v. U.S. Dep't of Justice*, 330 F. Supp. 3d 336, 350 (D.D.C. 2018) ("Under the general rule, the attorney-client privilege does not protect from disclosure … the general purpose of the work performed." (internal quotation marks omitted)); *U.S. ex rel. Barko v. Haliburton Co.*, 74 F. Supp. 3d 183, 189 (D.D.C. 2014) (same). However, there are exceptions to this general rule. For example, statements which might reveal "the motive of the client in seeking representation … or the specific nature of the services provided … fall within the privilege." *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394, 402-03 (4th Cir. 1999) (explaining that billing records can be privileged if they reveal something about the advice sought or given). While the general fact of legal consultation is generally not privileged, information that would reveal the substance of a client's request for legal advice remains privileged. *See Colton v. U.S.*, 306 F.2d 633, 636-38 (2d Cir. 1962) (allowing inquiry into the nature of the attorney-client relationship if limited to "general responses, such as litigation, drafting of documents, tax advice, and the like"), *cert. denied*, 371 U.S. 951 (1963).

While the subject lines of emails are regularly produced in FOIA cases, under these circumstances, the Court finds that the subject line of the email chain was properly withheld under the attorney-client privilege as its disclosure would reveal the client's motivation in

seeking legal advice. The subject line of these emails does not reveal only the "general subject

matters" discussed. *Legal Servs. for N.Y.C.*, 249 F.3d at 1081. Instead, based on the Court's own

review of the redacted information as well as Defendant's Declaration, the Court concludes that

the email's subject line is sufficiently detailed that its disclosure would reveal Defendant's

motive for seeking legal advice. *See* Supplemental Dec. of Jill Siegelbaum, ECF No. 21-2, ¶ 4

("The subject lines … contain, in their entirety, the specific topic of the deliberations and legal

advice sought from and provided by the attorney."). Because disclosure of the email's subject

line would reveal the specific nature of Defendant's legal inquiry, the Court finds that this

information was properly withheld under the attorney client privilege grounds of FOIA

Exemption 5. *See Cause of Action Institute*, 330 F. Supp. 3d at 350-351 (permitting the

defendant to withhold the name of the agency client because the identity of the agency would

reveal the agency's motive for seeking representation).

Next, the Court considers the email chain which was redacted from documents OS 8-10.

The redacted portions of this email chain consist of emails exchanged between various

employees of the Defendant agency and an undisclosed attorney with the Office of the General

Counsel. "These emails contain information shared with that attorney for the purpose of

soliciting legal advice, and the legal advice subsequently provided." Supplemental Dec. of Jill

Siegelbaum, ECF No. 21-2, ¶ 2.

Having reviewed the redacted email chain as well as Defendant's Declaration, the Court

finds that the emails were properly withheld. In the emails, an employee of the Defendant agency

requests legal advice from an attorney concerning lists of potential invitees for Defendant's

October 2, 2017 event. The emails further contain that attorney's legal conclusions concerning

the invitation list. Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 22. Accordingly, the redacted

portions of the email chain, which involve the request and the receipt of legal advice, were properly withheld under the attorney client privilege.

In response to this withholding, Plaintiff contends that Defendant should at least be required to release the name of the attorney who Defendant consulted for legal advice. Defendant argues that the name of the attorney was properly withheld because the "attorney's practice area is known publicly [so that] [d]isclosure of the attorney's name would effectively release the substance of the … communications." *Id*. In response, Plaintiff claims that "[n]o government attorney is so well-known and serves such a niche practice that the mere revelation of his name would indicate the *substance* of the matter on which the client consulted the attorney, let alone the specific communications made by the client in seeking advice." Pl.'s Reply, ECF No. 23, 4.

Reviewing the unredacted documents as well as Defendant's Declarations, the Court concludes that disclosure of the attorney's name would disclose that Defendant acted on a specific "motive … in seeking representation." *U.S. v. Naegele*, 468 F. Supp. 2d 165, 171 (D.D.C. 2007) (internal quotation marks omitted). Additionally, disclosure of the name would "reveal confidences about the nature of legal services rendered" for Defendant by the attorney. *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 134 (D.D.C. 2009) (citing cases from 3d Cir., 4th Cir., 2d Cir., and 9th Cir.). Disclosure of such information in this context creates the risk that agency clients may feel constrained from reaching out to legal counsel for required legal advice due to fear of public disclosure. This chilling effect would render it more difficult for agency attorneys to provide sound legal support and advice, which would inhibit the proper functioning of governmental departments. *See* Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 23. Such a chilling effect hinders the purposes of the attorney client privilege—to provide for "full and frank communication between attorneys and their clients." *Upjohn Co. v. U.S.*, 449

U.S. 383, 389 (1981). As such, the Court concludes that the name of the attorney is properly withheld under the attorney client privilege grounds of FOIA Exemption 5.

In opposition, Plaintiff cites two cases in which courts within this Circuit have required the release of attorneys' identities. First, in *Indian Law Resource Center v. Department of the Interior*, 477 F. supp. 144 (D.D.C. 1979), the court explained that attorney client privilege "does not cover the identity of a client or attorney" absent "exceptional circumstances." 477 F. Supp. at 149. But, *Indian Law Resource Center* was decided by a district court and is not binding on this Court. Additionally, the case is distinguishable. In *Indian Law Resource Center*, the court found that disclosure of the attorneys' identities would not "prejudice a confidential communication." *Id.* Conversely, here, the Court finds that release of the attorney's identity risks revealing privileged information about the nature of the services rendered. Plaintiff also cites *Ellsberg v. Mitchell*, 709 F.2d 51 (D.C. Cir. 1983). In that case, the court required the Government to release the names of the Attorneys General who authorized certain wiretaps. But, *Ellsberg* was not a FOIA case. Moreover, in *Ellsberg*, the Government had conceded that it had no argument as to "why the identities of the authorizing officials must be concealed." 709 F.2d at 60. Conversely, here, Defendant argues that the identity of the attorney must be concealed because "[d]isclosure of the attorney's name would effectively release the substance of the … communications." Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 22. Accordingly, neither of the cases cited by Plaintiff is persuasive to the Court.

However, the Court does not find the redaction of the attorney's name proper on the basis of the attorney client privilege alone. The Court further finds that the redaction of the attorney's

name is proper under the deliberative process privilege.[3] The content of the email chain involves ongoing disagreements and discussions over the appropriate scope of the guest list for Defendant's October 2, 2017 event. As such, the Court finds that the emails are both pre-decisional and deliberative. Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 24. These emails, demonstrating Defendant's decision-making process in finalizing an invitee list, are protected because "[t]he deliberative process ground for Exemption 5 protects the decision-making process of an agency." *Brinton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980).

Because the emails are protected under the deliberative process privilege, the Court finds that the identity of the author of those emails, in this case an attorney, is also protected. *Id.* (explaining that, because the records were deliberative, "it is appropriate to apply Exemption 5 to the documents themselves, as well as to the names of their authors"). Releasing the name of the attorney who was consulted as a part of Defendant's decision-making process would necessarily reveal information about Defendant's decision-making process. The release of such information could impair Defendant's deliberative process in the future by instilling a reluctance to explore all options and to request inter and intra departmental opinions. Accordingly, the Court concludes that the attorney's name was also appropriately withheld under Exemption 5's deliberative process privilege. *See Aaron v. U.S. Dep't of Justice*, No. 09-00831, 2011 WL 13253641, *8 (D.D.C. July 15, 2011) ("This Circuit has recognized that if a document is deliberative in nature, the identity of the author is also privileged.").

---

[3] In its Reply, Plaintiff argues that Defendant "has not made any argument about the applicability of the deliberative process privilege to these documents and thus the court may treat the argument as conceded." Pl.'s Reply, ECF No. 23, 5 n.3. While Defendant's Reply is not a model of clarity, it does refer to Defendant's Declarations and *Vaughn* Index which both support the withholding under the deliberative process privilege. Accordingly, the Court will consider the deliberative process privilege as a ground for redacting the relevant information.

Accordingly, having reviewed the redacted information, as well as the parties' arguments and attached Declarations, the Court concludes that the information redacted on documents OS 8-10 was properly withheld under the attorney client privilege and deliberative process privilege grounds of FOIA Exemption 5.

## B.  Documents OS 69

Document OS 69 is an email chain between employees of Defendant and the undisclosed attorney with the Office of the Inspector General. Defendant redacted portions of this email chain pursuant to the attorney client privilege and the deliberative process privilege exceptions under FOIA Exemption 5. Defendant reports that this email chain "consist[s] of deliberations and attorney/client consultations regarding potential lists of external invitees to a Departmental event." *Vaughn* Index, ECF No. 16-1. The Court agrees and finds that the redactions are proper.

As an initial matter, Defendant has again redacted the subject line of the email chain. The subject line of this email chain is the same as that discussed for redactions on documents OS 8-10. As before, the Court finds that the subject line of the email chain was properly withheld under the attorney-client privilege as its disclosure would reveal the client's motivation in seeking legal advice. *See Supra* Sec. III.A. Accordingly, the Court finds that the subject line of the email was properly withheld under the attorney client privilege ground of FOIA Exemption 5.

Defendant also redacted the first line of the first email on the chain. This portion of the email reflects communications between Defendant's employees debating the scope of the guest list for Defendant's October 2, 2017 event. Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 24. The redacted information is pre-decisional as a decision on the scope of the invitee list for the event had not yet been finalized. Additionally, the redacted information is deliberative as it reflects

intra-departmental debates on the scope of the invitee list. Accordingly, this redaction was proper under the deliberative process grounds of FOIA Exemption 5.

Document OS 69 also redacts a large portion of an email chain between a departmental employee and the undisclosed attorney within the Office of the Attorney General. Similar to the redaction of the email chain on documents OS 8-10, this email chain consists of emails exchanged between a Defendant employee and the undisclosed attorney requesting and providing legal advice on the scope of the invitee list. Supplemental Dec. of Jill Siegelbaum, ECF No. 21-2, ¶ 2. Because these emails contain the provision of legal advice between an attorney and a department-client, the Court concludes that these emails were properly redacted under the attorney client privilege grounds of FOIA Exemption 5. *Id.*; *see Supra* Sec. III.A.

Additionally, the Court further finds that the email chain was properly redacted under the deliberative process privilege. Again, as with the email chain redacted from documents OS 8-10, the content is both pre-decisional and deliberative as it involved discussions regarding the appropriate scope of the guest list for Defendant's October 2, 2017 event. *See Supra* Sec. III.A. Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 24. At the time the emails were sent, the invitee list had not been finalized, and the emails represent the back-and-forth of agency decision making. Accordingly, the emails, in addition to their author, were properly redacted under the deliberative process grounds of FOIA Exemption 5. *Id.*; *see also Brinton*, 636 F.2d at 604 (recognizing that under the deliberative process privilege the documents, in addition to their authors, are protected).

Accordingly, having reviewed the redacted information, as well as the parties' arguments and attached Declarations, the Court concludes that the information redacted on document OS 69

was properly withheld under the attorney client privilege and deliberative process privilege grounds of FOIA Exemption 5.

### C. Documents OS 307-08, 309, 310, 311-12

Documents OS 307-08, 309, 310, and 311-12 contain a series of email chains. Defendant redacted a majority of the content from each of the emails. However, Plaintiff does not challenge these redactions. Instead, Plaintiff challenges only the redaction of the subject lines and the name of the attorney sender/recipient for these documents. Pl.'s Mot., ECF No. 18, 1 n.1. For reasons that have already been given, the Court finds that these redactions are appropriate.

Defendant redacted information from each of these documents relying on both the attorney client privilege and the deliberative process privilege grounds of FOIA Exemption 5. As Defendant explained, the "redacted portions of this internal email chain, including the identity of one of the participants, consist of deliberations and attorney/client consultations regarding potential lists of external invitees to a Departmental event." *Vaughn* Index, ECF No. 16-1.

Considering first the subject line of the emails, the Court finds that this information was properly withheld under the attorney client privilege. *See Supra* Sec. III.A. The subject line of these emails is the same as the subject line of the emails in documents OS 8-10 and OS 69, which the Court has already held was properly redacted. The subject line of the emails does more than reveal the general subject matter of the attorney client consultations. Instead, based on Defendant's Declaration and the Court's own inspection, the subject line of the emails is sufficiently detailed to reveal the specific motivations behind Defendant's request for legal counsel. *See* Supplemental Dec. of Jill Siegelbaum, ECF No. 21-2, ¶ 4 ("The subject lines … contain, in their entirety, the specific topic of the deliberations and legal advice sought from and provided by the attorney."). Because disclosure of the subject line would reveal Defendant's

motivation for seeking legal counsel and specifics about the nature of the legal services rendered, the information is protected by attorney client privilege. *See Clarke*, 974 F.2d at 129 (explaining that "the motive of the client in seeking representation … or the specific nature of the services provided … fall[s] within the privilege"); *see also Supra* Sec. III.A.

Considering next the issue of the identity of the undisclosed attorney consulted by Defendant, the Court finds that this information is protected under both the attorney client privilege and the deliberative process privilege. *See Supra* Sec. III.A. Disclosure of the attorney's name would disclose that Defendant acted on a specific "motive … in seeking representation." *Naegele*, 468 F. Supp. 2d at 171. Additionally, disclosure of the name would shed light on the "nature of the legal services rendered" as relates to the scope of Defendant's invitee list. *Orian*, 662 F. Supp. 2d at 134. Accordingly, this information is properly withheld under the attorney client privilege.

Moreover, the Court concludes that Defendant has an even stronger argument for withholding the name of the attorney under the deliberative process privilege. The United States Court of Appeals for the District of Columbia Circuit has held that, under the deliberative process privilege, documents as well as the names of their authors may be withheld if the documents are pre-decisional and deliberative. *See Brinton*, 636 F.2d at 604 (withholding names of attorneys who authored requested legal advice under the deliberative process privilege); *see also Aaron*, 2011 WL 13253641, *8 ("This Circuit has recognized that if a document is deliberative in nature, the identity of the author is also privileged."). Withholding the names of the authors of pre-decisional and deliberative documents fulfills the purposes of the deliberative process privilege by protecting Defendant's decision-making process which could be chilled by disclosures.

Here, the withheld emails concern deliberations pertaining to the scope of the invitee list for Defendant's event. At the time the emails were sent, the invitee list was in flux and not finalized; as such, the emails were pre-decisional. Additionally, the content of the emails concerns a debate about who should and should not be invited to the event, thus making the emails deliberative. Because the emails were properly withheld under the deliberative process privilege, the Court finds that the name of the author, in this case an attorney, was also properly withheld. *See Supra* Sec. III.A.

As to documents OS 307-08, 309, 310, and 311-12, Plaintiff challenges only the redaction of the emails' subject lines and the name of the attorney sender/recipient. Having reviewed the redacted information, as well as the parties' arguments and attached Declarations, the Court concludes that this information was properly withheld under the attorney client privilege and deliberative process privilege grounds of FOIA Exemption 5.

**D. Document OS 313**

Defendant also redacted a portion of an email chain on Document OS 313. Defendant contends that this portion of the email chain is protected from disclosure under the deliberative process privilege grounds of FOIA Exemption 5. According to Defendant, "redacted portions of this internal email chain consist of deliberations regarding potential complications posed by implementation of the information provided by Administrator Rao, and proposed solutions thereto." *Vaughn* Index, ECF No. 16-1. The Court agrees.

In the redacted section of the email, an employee of Defendant sent an email to other departmental employees responding to an issue concerning the implementation of guidance sent by Executive Office of the President Administrator Neomi Rao. At the time that the email was sent, Defendant had not finalized its response to the guidance from Administrator Rao, thus

making the email pre-decisional. Additionally, the redacted information contains ideas for how best to respond to Administrator Rao's guidance, thus making the information deliberative.

The Court concludes that the redacted information "reflect[s] deliberations comprising the process by which government policy is formulated." *Mead Data*, 566 F.2d at 256. Accordingly, it is protected from disclosure by the deliberative process privilege which works to guard the department's decision-making process. Disclosure of Defendant's decision-making process in formulating a response to Administrator Rao's guidance "would have a foreseeable and significant chilling effect on the free-flowing deliberation among Departmental employees." Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 25. The Court notes that the redacted information contains candid and subjective opinions concerning the response to Administrator Rao's guidance, thus increasing the risk that disclosure would have a chilling effect. *See Coastal States*, 617 F.2d at 868-69 (explaining that when information contains "subjective, personal thoughts on a subject" the need for protection under the deliberative process privilege is stronger).

Accordingly, as to document OS 313, having reviewed the redacted information, as well as the parties' arguments and attached Declarations, the Court concludes that this information was properly withheld under the deliberative process privilege grounds of FOIA Exemption 5.

## E.  Document OS 314

Defendant redacted a portion of an email chain from Document OS 314 pursuant to the deliberative process privilege grounds of FOIA Exemption 5. According to Defendant, "redacted portions of this internal email chain consist of deliberations regarding potential complications posed by implementation of the information provided by Administrator Rao, and proposed solutions thereto." *Vaughn* Index, ECF No. 16-1.

20

Initially, it "appear[ed] to the Court that these redactions would not fall under the deliberative process privilege as these redactions [did] not appear to be pre-decisional." April 12, 2019 Minute Order. The Court ordered Defendant to file an addendum explaining why these redactions are pre-decisional and covered by the deliberative process privilege. *Id.* In reviewing Defendant's addendum as well as the unredacted email chain, the Court concludes that these emails are covered by the deliberative process privilege.

As indicated in Defendant's *Vaughn* index, the redacted email was sent from a departmental employee, Robert Eitel, to Caroline Moore, an employee within the Executive Office of the President. The email was sent in response to guidance from Administrator Rao concerning Defendant's October 2, 2017 event. Administrator Rao indicated that departmental employees should contact Ms. Moore with any questions regarding her guidance for the event. Following Administrator Rao's suggestion, Mr. Eitel emailed Ms. Moore with potential complications posed by the implementation of Administrator Rao's guidance.

As such, the Court finds that the redacted email was deliberative in nature because "it reflects the give-and-take of the consultative process." *Coastal States*, 617 F.2d at 866. Administrator Rao, an employee with the Executive Office of the President, provided Defendant with guidance for its October 2, 2017 event. In reaction, Mr. Eitel emailed another employee within the Executive Office of the President regarding complications arising from that guidance and a potential solution. The Court finds that the redacted portion of the email reflects the type of agency decision-making process that is protected under the deliberative process privilege.

The Court further finds that the redacted email was also pre-decisional. In the redacted portion of the email, Defendant presented a solution to the potential complication posed by Administrator Rao's guidance. However, it does not appear that this solution was finalized.

21

Instead, the solution was part of a back-and-forth between Defendant and the Executive Office of the President in order to ensure that the structure of the event was tailored to the requirements of both Defendant and the Executive Office of the President. In reaching the conclusion that the email was pre-decisional, the Court is guided by its own review of the redacted email as well as the Declaration of Jill Siegelbaum attached to Defendant's ex parte, under seal addendum providing further explanation as to how the email predated a formal decision on the potential impact of Administrator Rao's guidance. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (explaining that "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims" (internal quotation marks omitted)).

Accordingly, the Court finds that the redacted portion of the email in document OS 314 was both deliberative and pre-decisional. Having reviewed the redacted information, as well as the parties' arguments and attached Declarations, the Court concludes that this information was properly withheld under the deliberative process privilege grounds of FOIA Exemption 5.

## F. Document OCO 8

Lastly, on document OCO 8, Defendant redacted three portions of an email chain. Defendant withheld these redacted portions pursuant to the deliberative process privilege grounds of FOIA Exemption 5. According to Defendant, the "redacted portions of this internal email chain consist of deliberations regarding the focus and potential lists of external invitees to a Departmental event." *Vaughn* Index, ECF No. 16-1.

The first redaction on document OCO 8 follows the line "[t]he WH will invite the names on the attached Excel doc…." OCO8. Based on this language, the Court was concerned that the redacted information was not pre-decisional and instead reflected a decision which was already made. In response to these concerns, the Court requested that Defendant file an addendum

explaining why the redaction is pre-decisional and covered by the deliberative process privilege. *See* April 12, 2019 Minute Order. Upon reviewing the Defendant's addendum, as well as the unredacted email, the Court is persuaded that the redaction is proper under the deliberative process privilege.

Defendant redacted this information because it "describes the nature and topic of the deliberative process that had concluded to inform the reader that it had occurred." Supplemental Dec. of Jill Siegelbaum, ECF No. 21-2, ¶ 5. "Post-decisional documents properly fall under the deliberative process privilege when they recount or reflect pre-decisional deliberations." *Judicial Watch, Inc. v. U.S. Dep't of Treasury*, 796 F. Supp. 2d 13, 31 (D.D.C. 2011); see also *Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Justice*, 658 F. Supp. 2d 217, 234 (D.D.C. 2009) (explaining that redactions recounting "the ingredients of the decision-making process" were proper even though the interview in which the information was disclosed occurred after the decision was made). Here, the redacted information recounts pre-decisional deliberations concerning the scope of the invitee list. The Court has already concluded that the redactions of the deliberations relating to the invitee list were proper under the deliberative process privilege. It would make little sense to force the release of that same information because it is recounted in a post-decision email. *See Am. Ctr. For Law and Justice v. U.S. Dep't of Justice*, 325 F. Supp. 3d 162, 174 (D.D.C. 2018) (explaining that fact that pre-decision information was forwarded in a post-decision email does not deprive the information of protection). Redacting this information serves the purposes of the deliberative process privilege as it protects the department's decision-making process. *Judicial Watch*, 796 F. Supp. 2d at 25 (explaining that the deliberative process privilege is intended to protect an agency's decision-making processes).

The second redaction on document OCO 8 concerns a "discussion of the suggested focus of the event on a particular topic." Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 24. As with the first redaction on this document, the Court was initially concerned that this portion of the email was not pre-decisional. *See* April 12, 2019 Minute Order. However, based on the Court's own review of the documents, as well as Defendant's addendum, the Court finds that this information was properly redacted.

In a departmental Declaration attached to Defendant's ex parte, under seal addendum, Defendant explained that, at the time of the email, the focus of the October 2, 2017 event had not been finalized, thus making the redacted portion of the email pre-decisional. Reviewing the unredacted document, the Court finds no reason to doubt Defendant's Declaration. *See SafeCard Servs.*, 926 F.2d at 1200 (explaining that "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims" (internal quotation marks omitted)). Additionally, this redaction reflects deliberations on the focus of the event "that [were] part of a process by which Government decisions and policies are formulated." *Nat'l Labor Relations Bd.*, 421 U.S. at 150 (internal quotation marks omitted). Because this email was sent as part of a pre-decisional and deliberative process leading to the selection of a focus for Defendant's October 2, 2017 event, the Court concludes that this redaction was appropriate under the deliberative process privilege.

The third redaction on OCO 8 involves deliberations on the potential scope of external invitees to Defendant's event. The email is from an employee of the Executive Office of the President to a departmental employee. The redacted portion concerns the list of external invitees. At the time that the email was sent, the list of invitees had not been finalized, making the email pre-decisional. Additionally, the email was sent from the Executive Office of the President to

Defendant in an effort to mutually agree upon a final invitee list. The court finds that the redacted portion of this email "reflects the give-and-take of the consultative process," with two separate departments working together to compose a final invitee list which met both of their requirements. *Coastal States*, 617 F.2d at 866. Accordingly, the Court concludes that this portion of the email chain was properly redacted under the deliberative process privilege.

Furthermore, the Court concludes that these redactions are appropriate given the purposes of the deliberative process privilege. These redactions reflect inter and intra agency deliberations concerning the focus of and the invitee list for Defendant's October 2, 2017 event. "Without the ability to deliberate candidly, employees would be unable to fully explore and deliberate, which would undermine their ability to develop the best possible recommendations for the Department." Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 25. As such, the redactions serve to protect Defendant's decision-making process.

Accordingly, having reviewed the redacted information, as well as the parties' arguments and attached Declarations, the Court concludes that the information redacted on document OCO 8 was properly withheld under the deliberative process privilege grounds of FOIA Exemption 5.

### G. Segregability

The Court must make a separate finding as to whether any portion of the withheld information could have been segregated and released. *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 10027-28 (D.C. Cir. 1999). "[E]ven if the agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record[s]." *Roth v. U.S. Dep't of Justice*, 643 F.3d 1161, 1117 (D.C. Cir. 2007). Having reviewed all of the redacted information as well as the Declarations by Defendant employee Jill Siegelbaum, the Court is satisfied that no reasonably segregable information has

been withheld. *See* Dec. of Jill Siegelbaum, ECF No. 16-1, ¶ 27 ("Release of any information from the redacted sections would reveal information that is exempt from FOIA disclosure."). Any non-exempt information contained in the withheld information is "inextricably intertwined with exempt portions." *See Mead Data*, 566 F.2d at 260.

## IV.   CONCLUSION

For the reasons stated above, the Court concludes that Defendant properly redacted the information pursuant to the attorney client privilege and deliberative process privilege grounds of FOIA Exemption 5. As such, the Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion for summary judgment. A separate Order accompanies this Memorandum Opinion.

_____/s/_____

**COLLEEN KOLLAR-KOTELLY**
United States District Judge
