UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-1047 (CKK) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF ADAM R. PULVER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

I, Adam R. Pulver, declare that, based on personal knowledge:

1. I am an attorney at Public Citizen Litigation Group, lead counsel for Plaintiff in this matter. I submit this Declaration in support of Plaintiff's Motion for Attorneys' Fees and Costs.

*Plaintiff's FOIA Request*

2. On October 2 and October 3, 2017, I electronically submitted FOIA requests to three federal agencies: the Departments of Agriculture (USDA), Education (ED), and Labor (DOL). Each request was substantively identical, and sought documents related to Administration-coordinated events relating to deregulation on October 2, 2017. True and accurate copies of those requests are attached as Exhibit 1 (ED), Exhibit 2 (USDA), and Exhibit 3 (DOL).

3. On October 17, 2017, I received an interim response from ED, which included no documents. A true and accurate copy of that interim response is attached as Exhibit 4.

4. Attached as Exhibit 5 is a true and accurate copy of email correspondence between myself and ED FOIA staff between October 6, 2017, and February 8, 2018.

5. Attached as Exhibit 6 is a true and accurate copy of a letter I received from USDA, enclosing 109 pages of responsive records, on February 6, 2018.

6. Attached as Exhibit 7 is a true and accurate copy of one of several response letters I received from agencies within DOL. That letter, sent by the Office of the Assistant Secretary for Policy, is dated March 9, 2018, and included 38 pages of responsive records.

*This Litigation*

7. On June 18, 2018, I contacted Defendant's counsel in order to meet and confer as to a joint status report and production schedule per this Court's order. Defendant's counsel did not provide me with any information as to the status of the search or a proposed production schedule until June 27, 2018, the day the parties' joint status report was due.

8. Attached as Exhibit 8 is a true and correct copy of an email I received from Defendant's counsel on the evening of July 6, 2018, attaching 19 pages of responsive records. Three of the pages were redacted in their entirety, and one was redacted in part. There was no accompanying explanation of the redactions other than markings indicating FOIA exemptions 5 and/or 6.

9. On July 16, 2018, I began reaching out to Defendant's counsel to meet and confer as to the status of production so that the parties could file a joint status report on July 18, 2018, per this Court's order. I received no response until July 18, 2018, the day the parties' joint status report was due.

10. Attached as Exhibit 9 is a true and correct copy of an email I received from ED agency counsel, purporting to serve as the agency's "final release" and attaching two sets of responsive one set of 96 pages ("OCO Production 2"), and one set of 332 pages ("OS Production 1"). Both sets of documents were heavily redacted. As an example, in OCO Production 2, 33 of

the 96 pages were entirely redacted, and nearly every other page was redacted in part. There was no accompanying explanation of the redactions other than markings indicating FOIA exemptions 5 and/or 6.

11. Attached as Exhibit 10 is a true and correct copy of an email I sent to Defendant's counsel on August 10, 2018, including an attached spreadsheet identifying approximately 35 documents as to which Plaintiff requested information justifying the assertion of privilege.

12. Attached as Exhibit 11 is a true and correct copy is a copy of an email I received from Defendant's counsel on September 18, 2018, including an attachment, where ED, for the first time, provided explanation as to the basis for some of its redactions.

13. Attached as Exhibit 12 is a true and correct copy of email correspondence between myself and Defendant's counsel, from August 9, 2018 through November 30, 2018.

14. Attached as Exhibit 13 is a true and correct copy of a document produced by USDA in connection with the FOIA request referenced in paragraph 2 above.

15. Attached as Exhibit 14 is a true and correct copy of a document produced by ED as a part of this litigation.

16. On December 3, 2018, I completed my review of documents produced by ED in light of information provided to me by Defendant's counsel via email after the close of business on November 30, 2018.

17. On May 28, 2019, I sent Defendant's counsel a detailed fee demand, setting out Plaintiff's position as to its entitlement to fees and providing time records. The demand indicated Plaintiff was not seeking fees for time spent in connection with the parties' cross-motions for summary judgment. I did not receive a response.

18.     On May 31, 2019, I called Defendant's counsel to inquire as to his client's status position as to both the fee demand and the possibility of an extension of time to file this motion to allow for settlement discussions. He telephonically informed me ED would not agree to pay any attorneys' fees or costs in this matter.

*Qualifications and Billing Rates*

19.     I am an attorney admitted to practice in the District of Columbia and before this Court. I am also a member of the New York Bar and an inactive member of the California Bar, both of which I was admitted to in 2009.

20.     I graduated from the Columbia University School of Law in 2008. From 2008 through 2010, I served as a judicial law clerk in the United States District Court for the Central District of California in Los Angeles and Riverside, California.

21.     From 2010 through 2013, I was a litigation associate at Emery Celli Brinckerhoff & Abady LLP in New York, NY, where my practice involved complex litigation in state and federal courts of all levels.

22.     From 2014 through 2017, I was an Attorney/Senior Attorney in the Office of the Solicitor of Labor. In that capacity, I litigated actions in this and other courts around the United States in enforcement and other matters of national significance. *See, e.g., Perez v. Amalgamated Transit Union Local 1700*, 174 F. Supp. 3d 395 (D.D.C. 2016). I also had a number of non-litigation responsibilities, including in the drafting of several regulations and sub-regulatory policies, and in outreach and stakeholder engagement about various policy matters. I also supervised the search and review of documents in response to several FOIA requests, and reviewed numerous FOIA productions.

23. I joined Public Citizen Litigation Group in July 2017. At Public Citizen, my practice nearly exclusively involves litigation in federal courts, with emphases on administrative law, consumer law, and FOIA. *See, e.g.*, *Bauer v. DeVos*, 325 F. Supp. 3d 74 (D.D.C. 2018); *Forby v. One Technologies, L.P.*, 909 F.3d 780 (5th Cir. 2018). In addition to this matter, I have been lead counsel on three other FOIA matters in this Court, one of which is currently pending. *See Public Citizen v. U.S. Dep't of Housing & Urban Dev.*, No. 19-915; *U.S. Right to Know v. EPA*, No. 18-1189; *Public Citizen v. Dep't of Labor*, No. 18-433. I have also provided guidance to others in drafting FOIA requests and engaging in FOIA litigation.

24. Throughout this litigation, I have contemporaneously, accurately recorded my time spent on this matter in our office's timekeeping software, including descriptions of the tasks performed in six-minute increments. A true and accurate print-out of the entries made by me and my co-counsel, Patrick D. Llewellyn, for the dates between May 2, 2018 and December 3, 2018, and from May 22, 2019 through today, is attached as Exhibit 15. In an exercise of billing discretion, we do not seek to recover for time spent on this matter by Director of Litigation Allison Zieve, or legal research conducted by a legal fellow.

25. Attached as Exhibit 16 is a true and correct copy of the most recently updated "LSI-updated Laffey Matrix" as it appears on expert economist Michael Kavanaugh's webpage, at http://www.laffeymatrix.com/see.html.

26. Attached as Exhibit 17 is a true and correct copy of a declaration submitted by Dr. Kavanaugh in *DL v. Dist. of Columbia*, No. 05-1437 (D.D.C.).

27. Attached as Exhibit 18 is a true and correct copy of an affidavit submitted by attorney-fees expert Michael P. Downey in *DL v. Dist. of Columbia*, No. 05-1437 (D.D.C.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2019

                                                      <u>/s/ Adam R. Pulver</u>
                                                      Adam R. Pulver