**Adam Pulver**

| | |
|---|---|
| **From:** | Cohen, Jason (USADC) <Jason.Cohen@usdoj.gov> |
| **Sent:** | Friday, November 30, 2018 6:14 PM |
| **To:** | Adam Pulver |
| **Cc:** | Patrick Llewellyn |
| **Subject:** | RE: Pub Citizen v. ED, 18cv1047 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Good evening Adam,

The agency states that:
1) Per the program office, ED did not make a customized Powerpoint.
2) Per the program office, ED did not make an agenda for the event.
3) OCO 26 is an email chain containing two emails. The email that you attached is the first email in the chain. ED continues to assert Exemption 5 as to the email responding to Administrator Rao's email.

Best regards,
Jason

**Jason T. Cohen**
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2523

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Friday, November 30, 2018 5:44 PM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Thank you for responding. To confirm, my November 19 email asked ED to provide responses as to three questions:
(1) Whether ED made a customized version of the Powerpoint
(2) Whether ED made an agenda for the event
(3) Whether the September 28, 2017 email from Administrator Rao entitled "Listening sessions—Public notice" was the email being withheld

In my email, as an officer of the Court, I have represented and reaffirm that the materials I sent were received as "official responses" to FOIA requests. But more importantly, my email indicated that we have the White House-created agenda and powerpoint, and we are no longer seeking ED produce them, so I don't see why ED has any "needs" as to those documents whatsoever to respond to the three outstanding questions above. As an example of a customized Powerpoint, attached is another Powerpoint produced by another agency in an official response to another FOIA request. And although it does not seem necessary for me to do so for ED to confirm whether or not the email ED it continues to withhold is that dated September 28, 2017 with the subject "Listening sessions—Public Notice," attached is one of several copies of that email we received in "official responses" to FOIA requests.

I hope this allows your client to respond to our requests as to whether:
  (1)  ED made a customized version of the Powerpoint
  (2)  ED made an agenda for the event
  (3)  the attached email is the email being withheld

Thank you,
Adam Pulver


**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Friday, November 30, 2018 5:01 PM
**To:** Adam Pulver <apulver@citizen.org>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hi Adam,

Thank you for the email. We would like to resolve this without summary judgment briefing as well if possible.

With respect to #1, although I know you attached an agenda and powerpoint, the agency needs some evidence that those records were in fact obtained as a result of an official FOIA release. I think the same goes with respect to the email identified in #3, and it also might be helpful if you attached a copy of the email in question.

Best regards,
Jason

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Wednesday, November 28, 2018 11:13 AM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hello Jason,
I hope you had a nice Thanksgiving.
I am writing to follow up on my email of November 19, which requested confirmation as to your client's position as to the existence of certain documents, and information that would allow us to discern whether some of the documents are already in our possession.
A telephone conversation may be productive as there is a possibility of resolving this case without the need for summary judgment briefing and further fees.
Thank you
Adam Pulver


**From:** Adam Pulver
**Sent:** Monday, November 19, 2018 10:48 AM
**To:** 'Cohen, Jason (USADC)' <Jason.Cohen@usdoj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Jason:

As you may know, the Department of Education was one of several agencies that received an identical request in October 2017. Every other agency responded without litigation. Upon reviewing the productions from those other agencies, it appears that they have produced some of the materials that ED continues to withhold. The records confirm that many of ED's redactions are wholly unjustified by FOIA.

1. Based on the information you provided Friday, we believe that the attached agenda and PowerPoint, which were produced by another agency, are the ones that ED has been withholding. If they are the same, we no longer seek production of these documents.

   To the extent ED produced a customized version of the PowerPoint that was presented to invitees, ED should still produce that. Please confirm whether any such PowerPoint was presented.

   We continue to request ED's agenda for the event.

2. Although it was difficult given the manner in which your client has produced documents, we have identified other redactions that ED made but that were released by another agency. The unredacted records make clear that ED's withholding is wholly unjustified by FOIA. Nonetheless, because we have received the information, we no longer seek unredacted copies of the following documents:

   - OS 289: We have the entire page, including the redaction of a statement regarding being "in touch" to "ensure logistics are fully organized."

   - OS 294: We have the entire page, including the redacted phrase "compliance with your ethics office."

3. If OCO 26 is an email from Administrator Rao dated September 28, 2017 with the subject "Listening sessions – Public Notice," we have received that email in full. Please let me know whether or not OCO 26 is that email.

We cannot tell whether we have been given by other agencies any additional documents that ED continues to withhold/redact. If ED is withholding documents you believe may have been produced by other agencies and more identifying information would allow us to figure that out, please share that information so that we may be able to narrow the dispute further.

Thank you

Adam Pulver


**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Friday, November 16, 2018 1:01 PM
**To:** Adam Pulver <apulver@citizen.org>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Adam,

Based on your email, there appears to be some confusion, so let me clarify. It is the Department's position that the exemption previously asserted with respect to the remarks was fully supportable, but that, in the interest of good faith, it exercised its discretion to waive it.

The Department has assured me that there is no final powerpoint or written agenda. It is of course the case that a plaintiff's speculation about the existence of other documents is not sufficient to rebut an agency affidavit setting forth these facts. *See, e.g.*, *CREW v. DOJ*, 405 F. Supp. 2d 3, 5 (D.D.C. 2005).

Best regards,

**Jason T. Cohen**
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2523


**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Friday, November 16, 2018 10:59 AM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Jason:
Thank you for providing us with the remarks the Secretary delivered in October 2017. Given the agency has ceased its improper withholding of this obviously disclosable material, we will not continue to assert the agency's failure to produce such remarks was the result of an inadequate search or improper withholding.

As to the agendas and powerpoint, if I understand you correctly, there are three different documents at issue: (1) White House-generated agenda, (2) White House-generated powerpoint, (3) ED-generated agenda.

As to the first two, it strikes us as highly improbable that ED was sent drafts, but not the final document. Specifically with regard to the powerpoint, OS 294 and 315 both reflect a document name, "Cutting Red Tape –Template Slide Deck_Final.pptx". On OS 294, it states it is a "slide deck for your agency's 2pm event." There could be no further "final" document for ED's event that ED does not have. Is your position that no powerpoint was used at ED's event?

As to ED's own agenda- ED clearly had the event, so it seems highly improbable that there was no final agenda, and/or that ED would not have a copy of it.

Thank you
Adam

**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Thursday, November 15, 2018 7:57 PM
**To:** Adam Pulver <apulver@citizen.org>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hello Adam,

I have further information from the agency that may resolve some additional issues, particularly with respect to the scope of the search.

The agency confirmed that no final "agenda" or "powerpoint" for the Department's 10/2/17 was generated. Further, and to clarify, all but one of the draft agendas gathered in response to this request were generated by the White House for their 10/2/17 event. The agency does not have a copy of their final agenda, if one was generated. The only draft agenda for the Department's 10/2/17 event is at OS 173-74, and no final version was generated.

Regarding the remarks, those have now been cleared for release and are attached (they were OCO 40-44).

Best regards,

**Jason T. Cohen**
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2523

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Friday, October 26, 2018 10:52 AM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** Re: Pub Citizen v. DOE, 18cv1047

Thank you for last evening's production and responses.
We intend to continue to challenge the redactions on the following pages:
OS 8-10, OS 69, OS 289, OS 294, OS 307-312, OS 313-314, OCO 8 and OCO 26.  The bare information provided does not enable us to sufficiently evaluate the agency's invocation of privilege.
We also intend to challenge the agency's nonproduction of "final" versions of the speech, agenda, and powerpoint.  Given the production of numerous drafts of each, the agency's response is non-credible; the failure to produce these documents reflects either an inadequate search, or the improper withholding of a final version under the guise that it is "deliberative."
Attached is a revised version of the proposed Joint Status Report reflecting your most recent response.
Adam

**From:** Cohen, Jason (USADC) <Jason.Cohen@usdoj.gov>
**Sent:** Thursday, October 25, 2018 6:20:22 PM
**To:** Adam Pulver
**Cc:** Patrick Llewellyn
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Adam,

Following are the agency's responses to the remainder of the concerns raised in your Sept. 22nd email, as well as supplemental records:

OS-258:  This redaction does not appear deliberative.  To the extent it is explaining the purpose of sessions, the final policy determination to have the sessions had already been reached.  Since the document is not predicisional, it is not

deliberative. A statement of a high-ranking official explaining a decision that has been made is not protected by b(5). Upon further review, the Department has removed the redaction.

OS-289: The redactions on this page appear to reflect (1) final instructions (not from counsel) to government employees and (2) a statement of the "President's key initiatives." Neither are deliberative; neither are predecisional. Upon further review, the Department has removed two of the redactions. The remaining b5 redactions withhold descriptions of deliberative processes.

OS-312-14: We request that these email chains be produced, even if redacted. Given the vast number of emails that were produced with redactions on the same claimed basis, it seems highly unlikely that *no* information – including the identity of the parties, time and date – is segregable and can be revealed. OS-313-14: Upon further review, the Department has removed/reduced some of the redactions. The remaining b5 redactions withhold subsequent deliberations.

OCO 26: To the extent that this is an email chain, it is unclear why the header information and no information other than Naomi Rao's signature block, would be subject to b(5). Please produce any segregable information. Upon further review, the Department has removed/reduced some of the redactions. The remaining b5 redactions withhold subsequent deliberations.

Best regards,

Jason T. Cohen
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2523

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Thursday, October 25, 2018 4:16 PM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hi Jason,
I see that January 28 is indeed a "Professional day for teachers" in the Montgomery County School District, but I don't think that should impact the scheduling. Nonetheless, we will accede to your schedule.

I have limited availability tomorrow, as I did not block the day to deal with this status report. Please let me know the status of the outstanding documents as soon as you can. Regardless, we intend to continue to seek production of the final versions of the Powerpoint, agenda, and remarks, and the documents as to which you already responded.

**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Thursday, October 25, 2018 4:09 PM
**To:** Adam Pulver <apulver@citizen.org>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Adam,

I suggest a modification to your counter-schedule. W/r/t to the Opp/Reply deadline, I note that there is the MLK Jr day holiday on Jan. 21st and Jan. 28 is a school holiday (at least in Montgomery Cty), I prefer to avoid briefing deadlines on a Monday if I can help it, and the gov'ts Opp/Reply brief sometimes involves the need for supplemental research and declarations that can't be known until we see the cross-motion – Plus Feb. 18th is President's Day anyway. So I propose Defendant's Opp/Reply due 2/8/2019, and Plaintiff's Reply due 2/22/2019.

With respect to the other issues, I have heard that the agency just heard back from the other agency and should have a response to you on the other issues either today or early tomorrow.

Regards,
Jason

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Thursday, October 25, 2018 12:44 PM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Jason:

I am happy to try and  accommodate the briefing schedule you propose.   Like you, I have several cases and deadlines. I do not think, though, that the agency "waiting to hear back" is meaningful at this point, given how long your client has had; as a matter of courtesy, it would have been nice to be informed of *prior* to the date of a response in the Court order. My expectation that ED will comply with dates in court orders is not unreasonable.

I propose the slightly different schedule:

Defendant's Motion: 12/14
Plaintiff's Motion/Opposition: 1/14
Defendant's Opposition/Reply: 2/4
Plaintiff's Reply: 2/18.

Given how few issues there are remaining, three weeks for your second brief seems more than adequate.

The Court has asked for a joint status report.  Your noncompliance with the deadlines set out in the last order, the status of production, and the scope of issues remaining are most certainly "relevant" to a joint status report.   If you dispute the factual accuracy of any of the items, please inform me. They are written in extremely objective terms.  It is not meaningfully different than each of the *five* other status reports filed in this case. If you do not consent, I am happy to mark them as Plaintiff's position.

**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Thursday, October 25, 2018 12:22 PM
**To:** Adam Pulver <apulver@citizen.org>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Adam,

First, the proposed dates are unworkable. As previously indicated, the agency is still waiting to hear back from another agency on several pages of records.  Further, the agency needs time to complete declarations and a Vaughn index. And third, both agency counsel and myself have other litigation matters to work on that are already scheduled. Speaking for

myself, I currently have MSJ briefs due on 11/13, 11/16, 11/21, 11/28, 11/30, 12/3, and 12/4, and an appellate brief due on 11/26 – not to mention depositions, discovery, and numerous answers and JSRs. Plus we celebrate Thanksgiving. Therefore, we propose the following briefing schedule:
Defendant's MSJ 12/14/2018; Plaintiff's Opposition & Cross-Motion 1/14/2019; Defendant's Reply & Opposition 2/13/2019; Plaintiff's Reply 2/27/2019.

Second, your paragraphs 2 through 4 are irrelevant to the briefing schedule request and one-sided. They should be deleted, and, to the extent this is a joint status report, are not approved by the defendant.

Thank you,

**Jason T. Cohen**
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2523


**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Thursday, October 25, 2018 11:38 AM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Jason:
Attached is a proposed draft status report to be filed tomorrow. I have left a blank space for Defendant's position. Please let me know when I can respect a response.
Thanks
Adam

**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Wednesday, October 24, 2018 3:50 PM
**To:** Adam Pulver <apulver@citizen.org>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hello Adam,

Highlighted below are the agency's responses for the Dep't of Education-only records. The agency is still waiting to hear on OS-258, OS-289, OS-313-14, and OCO 26.

OS-8 (repeated on OS-39 and 42): The plain text of the sentence containing redacted information at the top of the page reflects that the material was not deliberative, as a final decision was made: "You have the green light to send the invitation (as revised to the following [redacted]: [list of names]. On OS-39 and 42, it is confirmed that invitations were sent to this list. The redacted material discusses a different topic upon which a decision had not yet been made.

OS-69: Again, the plain text reflects this was not deliberative, but rather a final decision: "Please send the remaining invitations to everyone [redacted]." The redacted material discusses a different topic upon which a decision had not yet been made.

OS-173-4, 244-8, 262-7, 269-74, 277-82, 304-06, 316-31; OCO 10-12, OCO-53-64: We do not intend to challenge withholding of the draft event agenda or draft powerpoint, but it doesn't appear that the final event agenda or powerpoint was produced. If we have missed it, please direct us to it. If final documents were not produced, please do so. The search did not retrieve any such records. All withheld documents have been accounted for in the production.

OS-294: It is incomprehensible that the last in a series of nouns in a single "thank you" sentence is predecisional or protected by any other privilege. The redacted material describes a deliberative process that had been undertaken.

OS-307-12: We request that these email chains be produced, even if redacted. Given the vast number of emails that were produced with redactions on the same claimed basis, it seems highly unlikely that *no* information – including the identity of the parties, time and date – is segregable and can be revealed. Releasing the names of one of the individuals would expose the deliberative process protected by b(5). That said, in the interest of good faith and without conceding that the remaining information is substantively meaningful, the agency has altered the redactions to segregate out the non-exempt material. Those records are attached to this email.

OCO-8: The first redaction reflects that a final decision has been made. It is thus not predecisional, and not deliberative. The redacted material describes a deliberative process that had been undertaken.

OCO-22-23: It is unclear why a list of events of interest to the Secretary would be subject to (b)(5), certainly in its entirety, as there is no decision involved. It would appear no more deliberative than the material produced in redacted form at OCO 49-52. We request the document be produced, perhaps with redactions so we may better evaluate them. The document is subject to b(5) in its entirety as it represents a deliberate selection, from the wider universe of events of interests, of a specific group of events identified as of particular interest to the Secretary.

OCO-40-44: To the extent these are draft remarks, we do not have any objection. We do not believe any final remarks were ever produced, though, and request the agency does so. The search did not retrieve any such records. All withheld documents have been accounted for in the production.

Best regards,

**Jason T. Cohen**
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2523

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Wednesday, October 24, 2018 12:02 PM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** Re: Pub Citizen v. DOE, 18cv1047

Given a court order stating a status report is due Friday, please provide any information you have forthwith as to minimize our inconvenience due to your unjustified noncompliance with the Court order.

**From:** Cohen, Jason (USADC) <Jason.Cohen@usdoj.gov>
**Sent:** Wednesday, October 24, 2018 11:44:34 AM
**To:** Adam Pulver

**Cc:** Patrick Llewellyn
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Thanks Adam,
Some of the challenged redactions implicate another agency or office, so DOE sent them to the other agency for review and DOE hasn't heard back yet. We can wait until they have their responses to all the issues, or I can try to get you responses that only implicate DOE equities now.
--Jason

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Wednesday, October 24, 2018 9:54 AM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

To clarify, the response was to the September 22, 2018 email identifying 12 remaining issues.
Thank you.

**From:** Adam Pulver
**Sent:** Wednesday, October 24, 2018 9:51 AM
**To:** 'Cohen, Jason (USADC)' <Jason.Cohen@usdoj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hi Jason,
Per the last court order, we were expecting a response to our August 10 email by October 19, and have a status report due Friday.
Please provide the response ASAP.
Thank you,
Adam

**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Monday, October 01, 2018 2:00 PM
**To:** Adam Pulver <apulver@citizen.org>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

That would be fine.

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Monday, October 1, 2018 1:42 PM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** Re: Pub Citizen v. DOE, 18cv1047

I am certainly sympathetic to having multiple cases. If they really need the full month to do so, we do not need more than a week to review and decide how we want to proceed. Can we propose the next status report be filed October 26?

**From:** Cohen, Jason (USADC) <Jason.Cohen@usdoj.gov>
**Sent:** Monday, October 1, 2018 1:35:18 PM

**To:** Adam Pulver
**Cc:** Patrick Llewellyn
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Adam,
The issue is not so much the complexity of the issues but that agency counsel and the agency FOIA office are working on multiple Vaughn indices, MSJs, declarations, and searches in other FOIA complaints, and trying to set a realistic and doable timeline for getting responses to these issues drafted and reviewed.
Thanks,
Jason

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Monday, October 1, 2018 11:46 AM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hi Jason,
Thanks for the response.
I am a bit concerned about the delay in this case, as these are fairly limited issues outstanding and I would not expect they would require the agency nearly a month to respond to.
Would it be possible for the agency to respond by October 10, with a further status report filed on October 19?
Thank you
Adam

**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Monday, October 01, 2018 10:26 AM
**To:** Adam Pulver <apulver@citizen.org>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Adam,
I spoke to the agency attorney about these issues. They are still developing their responses but are hopeful that we can reach consensus on most if not all of the items. The agency anticipates that it will be able to provide its responses by 10/19. I suggest notifying the Court that the parties have been actively engaged on the issues and will file a further JSR in 30 days.
Thanks,
Jason

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Saturday, September 22, 2018 8:28 PM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Cc:** Patrick Llewellyn <pllewellyn@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hi Jason,
Thanks for putting this together. It significantly narrows the items in dispute.
We still have concerns about a number of documents, but I am optimistic that we may be able to resolve many of them,  We have identified specific documents below, but there are several themes:

1) For many of the documents, the context of the redactions makes it appear that the content was not "predecisional" in any way, and raises a concern that the Department is applying (b)(5) to all discussions of anything, including decisions already made. Post-decisional communications are not protected by the deliberative process privilege. We request you reevaluate these redactions and/or provide further explanation.

2) For several email chains, the entire page is redacted, including the names of the parties involved. It strikes us as unlikely there is no segregable information in these instances. We request you reevaluate these overbroad redactions.

3) Several documents were withheld as drafts of what would eventually be outward-facing documents (agenda, powerpoint, speech). We do not believe the final versions were produced though, and believe such documents are responsive.

4) Finally, numerous explanations include references to "attorney consultation," where neither party in correspondence serves as legal counsel. While some of the Secretary and President's political advisors may have law degrees, that does not confer attorney-client privilege on all of their communications. To the extent any document is withheld on the basis of "attorney consultation," please clarify if you are intending to invoke attorney-client privilege. If so, please identify the "attorney"

Specific documents

OS-8 (repeated on OS-39 and 42): The plain text of the sentence containing redacted information at the top of the page reflects that the material was not deliberative, as a final decision was made: "You have the green light to send the invitation (as revised to the following [redacted]: [list of names]. On OS-39 and 42, it is confirmed that invitations were sent to this list.

OS-69: Again, the plain text reflects this was not deliberative, but rather a final decision: "Please send the remaining invitations to everyone [redacted]"

OS-173-4, 244-8, 262-7, 269-74, 277-82, 304-06, 316-31; OCO 10-12, OCO-53-64: We do not intend to challenge withholding of the draft event agenda or draft powerpoint, but it doesn't appear that the final event agenda or powerpoint was produced. If we have missed it, please direct us to it. If final documents were not produced, please do so.

OS-258: This redaction does not appear deliberative. To the extent it is explaining the purpose of sessions, the final policy determination to have the sessions had already been reached. Since the document is not predicisional, it is not deliberative. A statement of a high-ranking official explaining a decision that has been made is not protected by b(5).

OS-289: The redactions on this page appear to reflect (1) final instructions (not from counsel) to government employees and (2) a statement of the "President's key initiatives." Neither are deliberative; neither are predecisional.

OS-294: It is incomprehensible that the last in a series of nouns in a single "thank you" sentence is predecisional or protected by any other privilege.

OS-307-14: We request that these email chains be produced, even if redacted. Given the vast number of emails that were produced with redactions on the same claimed basis, it seems highly unlikely that *no* information – including the identity of the parties, time and date – is segregable and can be revealed.

OCO-8: The first redaction reflects that a final decision has been made. It is thus not predecisional, and not deliberative.

OCO-22-23:  It is unclear why a list of events of interest to the Secretary would be subject to (b)(5), certainly in its entirety, as there is no decision involved.  It would appear no more deliberative than the material produced in redacted form at OCO 49-52.  We request the document be produced, perhaps with redactions so we may better evaluate them.

OCO 26: To the extent that this is an email chain, it is unclear why the header information and no information other than Naomi Rao's signature block, would be subject to b(5).  Please produce any segregable information.

OCO-40-44:  To the extent these are draft remarks, we do not have any objection.  We do not believe any final remarks were ever produced, though, and request the agency does so.

It would be helpful if we could have the agency's response prior to the October 3 status report so we may evaluate whether briefing is necessary and appropriate at this time.  If you think a phone conversation with you and/or agency counsel would be productive, I would be happy to join one.


Thank you
Adam



**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Tuesday, September 18, 2018 6:14 PM
**To:** Adam Pulver <apulver@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Good afternoon Adam,
Attached is the agency's response to your request for additional information. Please note that this is not intended to be a *Vaughn* index or a draft *Vaughn* index, and that the Department is not intending to waive its right to assert additional privileges in a *Vaughn* index should one be required, nor is the description of the records at issue meant to be exhaustive. Hopefully this provides sufficient additional information about the withheld records.
Best regards,
Jason

**Jason T. Cohen**
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2523



**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Friday, August 10, 2018 12:07 PM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Jason:
As per our previous emails, attached is a list of redactions that we request further explanation for, identified by page number in the OS and OCO productions
Some of them may be duplicates; I tried not to raise the same redaction twice where I was sure, but it is hard for us to tell.
One clarification, there is a "Deregulation Summit Memo" referenced a few places, and it appears to be what is fully redacted several places.  While we contest the failure to produce the final version of that memo, to the extent there are

earlier drafts of the memo, we don't have an objection to their withholding at this time.  It isn't clear to us, though, which attachments may be drafts versus the final version.

I am happy to discuss any of the specifics with you and your client.  With more information, we can likely narrow the disputed redactions.

Thank you

Adam Pulver

**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Thursday, August 09, 2018 3:45 PM
**To:** Adam Pulver <apulver@citizen.org>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Yes, that would be helpful, thanks.

**From:** Adam Pulver <apulver@citizen.org>
**Sent:** Thursday, August 9, 2018 3:43 PM
**To:** Cohen, Jason (USADC) <JCohen1@usa.doj.gov>
**Subject:** RE: Pub Citizen v. DOE, 18cv1047

Hi Jason,

I have been traveling for another matter, but we received the materials and are in the process going through them.  We have some concerns related to redactions.  It might be helpful to have more information about them in order to determine if we can resolve them.  I can get you a list tomorrow if that would be helpful.

Thanks

Adam Pulver

**From:** Cohen, Jason (USADC) [mailto:Jason.Cohen@usdoj.gov]
**Sent:** Thursday, August 09, 2018 3:38 PM
**To:** Adam Pulver <apulver@citizen.org>
**Subject:** Pub Citizen v. DOE, 18cv1047

Hi Adam,

It appears the agency made its final release of responsive records on Monday, 8/6/18. Please let me know your client's position and whether there are any further concerns that you would like me to bring to the agency's attention.

Thank you,

**Jason T. Cohen**
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2523